**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

BERMAN J.P.H.,

                            Petitioner,

v.

DAREN K. MARGOLIN, *Director, Executive Office for Immigration Review*;

MARKWAYNE MULLIN, *Secretary, U.S. Department of Homeland Security*;

TODD M. LYONS, *Acting Director, Immigration and Customs Enforcement*;

DAVID EASTERWOOD, *Acting Director, St. Paul Field Office Immigration and Customs Enforcement*; and

ERIC TOLLEFSON*, Sherriff, Kandiyohi County*,

                            Respondents

Civil No. 26-2131 (JRT/EMB)

**MEMORANDUM OPINION AND ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

---

Cameron L.Y. Giebink, **WILSON LAW GROUP**, 3019 Minnehaha Avenue, Minneapolis, MN 55406, for Petitioner.

David W. Fuller and Pedro Del Valle, IV, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for Federal Respondents.

Petitioner Berman J.P.H. is a citizen of Nicaragua who is currently in Immigration and Customs Enforcement ("ICE") custody in Minnesota.  On April 2, 2026, Petitioner filed

a Petition for a Writ of Habeas Corpus alleging that his arrest and continued detention violate the Fifth Amendment of the U.S. Constitution.

The Court concludes that Petitioner's arrest and detention violate his Fifth Amendment right to procedural due process.  The Court will grant the petition and will order that Petitioner receive an individualized bond hearing.

## BACKGROUND

### I.     FACTS

Petitioner is a citizen of Nicaragua.  (Pet. Writ of Habeas Corpus ("Pet.") ¶¶ 11, 26, Apr. 2, 2026, Docket No. 1.)  He entered the United States without inspection in December 2018.  (Pet. ¶ 27.)  Petitioner filed an application for asylum on January 15, 2024, which remains pending.  (Pet. ¶¶ 29–30.)  On October 22, 2024, United States Citizenship and Immigration Services (USCIS) issued Petitioner a work permit, which is valid through October 21, 2029.  (*Id.* ¶ 31.)

On March 26, 2026, Respondents took Petitioner Palacios Herrera into custody after he posted bond following a Driving While Impaired (DWI) arrest in Minnesota.  (*Id.* ¶ 33.)

### II.    PROCEDURAL HISTORY

On April 2, 2026, Petitioner filed a Verified Petition for Writ of Habeas Corpus, contending that his detention is unlawful under the Due Process Clause of the Fifth Amendment.   The Court directed Respondents to file a reasoned memorandum

responding to Petitioner's claims.  (Docket No. 3.)  Respondents timely filed their response, and Petitioner replied.  (Docket Nos. 5, 7.)

Because Respondents indicated in their response that Petitioner had a scheduled appearance with an immigration judge on April 9, 2026, the Court ordered the parties to provide an update.  (*See* Docket No. 8.)  After the immigration hearing was continued and reset for April 30, 2026 (*see* Docket No. 9), the Court ordered a further update in this matter (Docket No. 10).  According to the latest update from the parties, a final hearing on Petitioner's asylum application is set for June 23, 2026.  (Docket No. 11.)

**DISCUSSION**

"[A]bsent suspension" by Congress, the Constitution guarantees that the "writ of habeas corpus remains available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const. art. 1, § 9, cl. 2).  District courts can provide habeas relief to persons detained in violation of the Constitution or laws of the United States.  28 U.S.C. § 2241(c)(3).

The Fifth Amendment guarantees that "[n]o person shall . . . be deprived of life, liberty, or property, without due process of law[.]"  U.S. Const. amend. V.  "[T]he Due Process Clause applies to all 'persons' within the United States, including [noncitizens], whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001).  "[G]overnment detention violates [the Due Process] Clause unless the detention is ordered in a *criminal* proceeding with adequate procedural

protections . . . or, in certain special and 'narrow' nonpunitive 'circumstances'[.]" *Id.* at 690 (quoting *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992)).

Here, Respondents' asserted basis for detaining Petitioner is 28 U.S.C. § 1225(b)(2)(A), which provides for mandatory detention for "applicant[s] for admission" into the United States. *See Avila v. Bondi*, 170 F.4th 1128, 1138 (8th Cir. 2026) (concluding that an individual who, like the Petitioner in this case, was already present in the United States, was nevertheless an "applicant for admission" and is subject to mandatory detention under § 1225(b)(2)(A)). In responding to Petitioner's procedural due process claim, Respondents argue that the Constitution does not entitle Petitioner to any additional procedural protections beyond those granted under the statute, and that § 1225(b)(2)(A) expressly authorizes Petitioner's detention without the opportunity to post bond.

For the reasons set forth in *Axel J.M.C., v. Stanski*, Civil No. 26-2281, 2026 WL 1171344 (D. Minn. Apr. 29, 2026), the Court concludes that the balancing test set forth in *Mathews v. Eldridge,* 424 U.S. 319 (1976), applies to Petitioner's due process claim. Here, as in *Axel*, Petitioner's liberty interest is significant, the risk of erroneous deprivation of Petitioner's liberty is high, and the burden the Government would bear in providing an individualized bond hearing is low.

Because the Court concludes that Petitioner's due process claim under the Fifth Amendment prevails, the Court will grant Petitioner Berman J.P.H.'s petition for writ of

habeas corpus to the extent he seeks a bond hearing.  If Respondents are unable to hold a bond hearing within 7 days of this order, the Court will direct that the Petitioner be released.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Petitioner Berman J.P.H.'s Petition for Writ of Habeas Corpus (Docket No. [1]) is **GRANTED** as follows:

1. Petitioner's detention without an individualized bond hearing violates his rights under the Due Process Clause of the Fifth Amendment;

2. Respondents shall provide Petitioner with an individualized bond hearing within 7 days of the date of this Order, in which the parties will be allowed to present evidence and argument about whether Petitioner is a danger to the community and presents a flight risk if not detained;

3. If Respondents do not provide Petitioner with an individualized bond hearing as required herein, Petitioner must be immediately released from detention; and

4. **By 5:00 P.M. on May 14, 2026**, the parties shall provide the Court with a status update concerning the results of any bond hearing conducted pursuant to this Order, or if no bond hearing was held, advise the Court regarding Petitioner's release.  Further, the parties shall advise the Court at that time whether any

-6-

additional proceedings in this matter are required and submit any proposals for

the scope of further litigation.


DATED:  May 6, 2026                                  _____/s/ John R. Tunheim_____
at Minneapolis, Minnesota.                              JOHN R. TUNHEIM
                                                       United States District Judge